```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,      )
     Plaintiff,                )   CRIMINAL NO. 09-10028-DPW
                               )
        V.                     )
                               )
LORRAINE HENDERSON,            )
     Defendant,                )
```

## MEMORANDUM AND ORDER
October 2, 2012

By its "Motion to Reconsider Grant of Defendant's Motion for a New Trial", the government has invited me to treat as acceptable jury instructions that I have concluded constituted a miscarriage of justice. *United States* v. *Henderson*, 2012 WL 1432552 *18-*19 (D. Mass. 2012). The government's invitation comes in the form of an argument that if the instructions were error, they were "plain error" governed by Fed. R. Civ. P. 30(d) and 52(b).

I have kept the motion under advisement while a petition for a writ of *certioari* was pending in *DelRio-Mocci* v. *Connolly Properties*, 672 F.3d 241 (3rd Cir. 2012), the case upon which I relied in granting the new trial. Yesterday, the Supreme Court denied the writ. *Bolmer v. Connolly Properties, Inc.,* No. 11-1435, 2012 WL 1945620 (S.Ct. Oct. 1, 2012). I now will deny the motion for reconsideration.

In the Memorandum and Order granting a New Trial under Fed. R. Civ. P. 33, I explained in some detail my view that this "meretricious prosecution of a factitious felony," *Henderson*, at *20, is properly evaluated by the fact finder against the construction of the statute of conviction provided by the Third Circuit in *DelRio-Mocci*. Under *Del-Rio-Mocci,* the instructions in this case did not properly define the criminal offense the government undertook to prove. While I concluded that there was sufficient evidence, if just barely, by which the government could seek to persuade a different and properly instructed jury of the defendant's guilt at a new trial, the jury verdict rendered as a result of the instructions I gave at the initial trial could not stand.

In making its invitation that I acquiesce in plain error, the Government systematically ignores the plain text of Rule 30(d) and the sources of Rule 52(b) which are together addressed to circumstances where *appellate* review should be precluded. The motion consequently fails to recognize the separate and distinct responsibilities and perspectives of trial and appellate judges. From the vantage point of the trial judge, I am firmly of the view that for a conviction to stand in this matter on that basis would be an error of the most fundamental sort. Whether that error is one that might be treated as "plain" and thus be

precluded on appellate review is not part of the calculus for my decision- making in these circumstances.

In one of the most insightful set of comments in the history of judicial confirmation hearings, then First Circuit Judge David H. Souter told the Senate Judiciary Committee of the lessons he had learned serving both as a trial judge and an appellate judge. The first lesson was that "whatever court we are in . . . whether in the trial court or an appellate court, at the end of our task some human being is going to be changed in some way by what we do . . . as appellate judges, as far removed from the trial arena as it is possible to be." *The Nomination of David H. Souter to be Associate Justice of the Supreme Court of the United States: Hearings Before the Comm. on the Judiciary*, 101st Cong. 52 (1990) (Statement of Hon. David H. Souter, U.S. Circuit Judge for the First Circuit). "The second lesson that I learned in that time" Justice Souter explained, "is that if, indeed, we are going to be trial judges, whose rulings will affect the lives of other people and who are going to change their lives by what we do, we had better use every power of our minds and our hearts and our beings to get those rulings right." *Id.*

For these reasons, I decline the government's invitation to be satisfied with the trial of this case even if the instructions

I gave inadequately described what the government was required to prove to establish the defendant's guilt; accordingly, I DENY the government's motion [#102] to withdraw my order for a new trial.

The new trial, should the government choose to continue to pursue this matter, is set for December 10, 2012 in Courtroom 1.

/s/ *Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE